## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG SHIM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| PERFORMANCE FOODSERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

TO:    The Honorable Judges of the United States District Court
       for the Western District of Pennsylvania

Defendant, Performance Transportation, LLC (incorrectly identified as "Performance Foodservices"), by and through its undersigned counsel, and in accordance with the applicable Federal Rules of Civil procedure and Title 28 of the United States Code §§ 1331, 1441, and 1446, files this Notice of Removal to remove the action entitled "Craig Shim v. Performance Foodservices," Case No. GD-25-1644, which was originally filed in the Court of Common Pleas of Allegheny County, Commonwealth of Pennsylvania, to the United States District Court for the Western District of Pennsylvania. Removal of this action is based upon the following:

## BACKGROUND

1.    Plaintiff Craig Shim filed a Praecipe for Writ of Summons on or about February 17, 2025 in the Court of Common Pleas of Allegheny County, Pennsylvania. The Praecipe contained no substantive claims and Defendant could not determine whether the matter was removable based on that filing.

1

2.      Plaintiff filed a Complaint in the Court of Common Pleas of Allegheny County, Commonwealth of Pennsylvania on or about January 22, 2026. A copy of the Complaint filed by Plaintiff in the state court action is attached hereto as **Exhibit A**.

3.      According to the Certificate of Service, Plaintiff's Complaint was served on January 22, 2026.

4.      Defendant has not, to date, filed an answer or other pleading in the Court of Common Pleas of Allegheny County.

## VENUE

5.      The Court of Common Plea of Allegheny County, in which Plaintiff's Complaint was filed, is within this Court's District. This action is therefore properly removable to this Court under 28 U.S.C. § 1446(a).

## REMOVAL IS PROPER
## BASED ON FEDERAL QUESTION JUSIDICTION

6.      This action is within the original jurisdiction of this Court under 28 U.S.C. § 1331 because Plaintiff's civil action arises under federal law. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (A "suit arises under the law that creates the cause of action." (citations omitted).

7.      Whether an actions "arises under" federal law is governed by the well-pleaded complaint rule. *See Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

2

8. The complaint must be examined as it existed at the time of removal to determine whether it states a federal claim. *See McKinney v. HSBC Bank United States NA*, No. 2:07-cv-1653, 2008 U.S. Dist. LEXIS 133137, *1-2 (W.D. Pa. Mar. 21, 2008).

9. "In short, 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Goldman v. Citigroup Global Mkts., Inc.*, 834 F. 3d 242, 249 (3d Cir. 2016).

10. To the extent one or more of plaintiff's causes of actions are not independently removable based on federal question jurisdiction, federal courts may exercise supplemental jurisdiction over these claims because they arise from the "same case or controversy" or "common nucleus of operative fact" as the other causes of action. 28 U.S.C. § 1367; *McCall v. City of Phila.*, 396 F. Supp.3d 549, 562 (E.D. Pa. 2019).

11. In his Complaint, Plaintiff asserts the following causes of action against Defendant:

a. Race/Color Discrimination under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*);

b. National Origin Discrimination under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*);

c. Disability Discrimination under the Americans with Disabilities Act (42 U.S.C. §§ 12111 *et seq.*); and

d. Discrimination under the Pennsylvania Human Relations Act (43 P.S. § 954).

12. Plaintiff's causes of action arising under Title VII of the Civil Rights Act and the Americans with Disabilities Act provides this Court with federal question jurisdiction over the matter.

13. Additionally, as pleaded, all of Plaintiff's claims derive from a "common nucleus of operative fact" related to employment with Defendant. *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 164-65 (1997).

14. Plaintiff's claims depend on the same alleged termination during his employment, and thus he "would ordinarily be expected to try them all in one judicial proceeding." *Kraemer v. Rostraver Twp.*, No. 2:22-cv-01232, 2023 U.S. Dist. LEXIS 31889, *9 (W.D. Pa. Feb. 24, 2023).

15. For these reasons, Plaintiff's federal and state law claims form part of the same case or controversy so that this Court may exercise pendent jurisdiction over Plaintiff's supplemental claims under Pennsylvania law. 28 U.S.C. §§1367(a)(1441(c).

### COMPLIANCE WITH PROCEDURAL REQUIRMENTS

16. The Notice of Removal has been filed within 30 days after receipt of Plaintiff's Complaint. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

17. Attached hereto are the pleadings and the docket entries currently on file in the Court of Common Pleas of Allegheny County, Commonwealth of Pennsylvania. (*See* **Exhibit B**).

18. Upon filing this Notice of Removal, Defendant will provide a written notification to Plaintiff and will provide a Notice of Filing of Notice of Removal with the Department of Court Records for the Court of Common Pleas of Allegheny County, Pennsylvania. A true and correct copy of the Notice of Filing of Notice of Removal is attached as **Exhibit C**.

19. Defendant files this Notice without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has stated claims upon which relief can be granted, and without conceding that Plaintiff is entitled to any damages against Defendant in any amount whatsoever.

WHEREFORE, Defendant respectfully requests that the United States District Court for the Western District of Pennsylvania accept the removal of this action from the Court of Common Pleas of Allegheny County, Pennsylvania and direct that that Court have no further jurisdiction over this matter unless this case is remanded.

Dated: February 19, 2026

Respectfully submitted,

JACKSON LEWIS P.C.

*/s/ Jessica K. Albert*
Jessica K. Albert, Esq.
PA I.D. No. 309666
Jessica.Albert@jacksonlewis.com
Harrison H. Weimer, Esq.
PA I.D. No. 330602
Harrison.Weimer@jacksonlewis.com
1001 Liberty Avenue, Suite 1000
Pittsburgh, PA  15222
412-232-0404
412-232-3441 *facsimile*

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 19, 2026, I electronically filed the foregoing Notice of Removal with the Clerk of Court using the CM/ECF system, and have provided a courtesy copy to Plaintiff's counsel of record at the following address, via electronic mail:

David M. Kobylinski, Esq.
Peter T. Kobylinski, Esq.
PRAETORIAN LAW GROUP, LLC
304 Ross Street, Suite 510
Pittsburgh, PA 15219
(412) 281-6600
*dkobylinski@prlawgroup.com*
*pkobylinski@prlawgroup.com*
